IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Valerie W.,[1]

Plaintiff,

v.

Frank Bisignano, Commissioner of Social Security Administration,

Defendant.

C/A No. 6:25-cv-8588-SAL

**OPINION AND ORDER**

This matter is before the court for review of the July 14, 2026 Report and Recommendation of United States Magistrate Judge Kevin McDonald (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 22.] The Report recommends affirming the Commissioner's final decision denying Plaintiff's claims for Disability Insurance Benefits and Supplemental Security Income. *Id.* Plaintiff timely objected, and the Commissioner replied. [ECF No. 23.] For the reasons below, the court adopts the Report and affirms the Commissioner's final decision.

## STANDARD OF REVIEW

The scope of federal court review under 42 U.S.C. § 405(g) is narrowly tailored to determine whether the decision of the Commissioner is supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence" is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison*, 305 U.S. at 229).

The court's function is not to "try these cases de novo or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The magistrate judge makes only a recommendation to the court. The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). Without specific objections to portions of the Report, the court is not required to explain its reasons for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). It must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Report sets forth the administrative proceedings and applicable law, which the court incorporates without a full recitation. [ECF No. 22.] Briefly, following a hearing, the administrative law judge ("ALJ") found that Plaintiff had severe impairments consisting of disorders of the cervical spine, carpal tunnel syndrome, obesity, schizoaffective disorder, anxiety disorder, affective disorder, and PTSD. *See id.* at 2. The ALJ concluded that Plaintiff had the following residual functional capacity ("RFC"):

> [L]ight work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except she can never climb ladders, ropes, and scaffolds. She can occasionally climb ramps and stairs. She can frequently balance, stoop, kneel, crouch, and crawl. She can frequently reach, handle, finger, and feel. She should avoid concentrated exposure to hazards. She can understand, remember, and carry out simple, detailed but not complex instructions. She can have frequent interactions with the public, supervisors, and coworkers.

*Id.* at 2–3. As Plaintiff had no past relevant work, the ALJ found that transferability of job skills was not an issue. *Id.* at 3. Considering Plaintiff's age, education, work experience, and RFC, however, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform. *Id.* The ALJ therefore concluded that Plaintiff had not been under a disability from November 16, 2021, through the date of the ALJ's decision. *Id.*

The Report recommends affirming the ALJ's decision. Plaintiff objects, arguing that the magistrate judge improperly characterized her challenge to the ALJ's evaluation of prior administrative mental-health findings from state-agency consultants Timothy Laskis, Ph.D., and Jennifer Steadham, Ph.D. [ECF No. 23 at 1–2.] Plaintiff claims the magistrate judge articulated her argument as challenging the ALJ's failure to adopt all of Drs. Laskis and Steadham's proposed limitations. According to Plaintiff, however, that framing mischaracterizes her point. She does not argue that the ALJ should have adopted all the limitations set forth by Laskis and Steadham, but that he failed to explain why he adopted none of them. *Id.* Plaintiff argues that the

ALJ was required to explain why he declined to adopt limitations regarding attendance and interaction with the general public. *Id.* at 3.

*Medical Opinions*

Under the applicable regulations, the ALJ was required to consider the medical opinions in the record in accordance with 20 C.F.R. §§ 404.1520c, 416.920c. Under those regulations, an adjudicator may not defer to or assign any specific evidentiary weight to a medical opinion based solely on its source. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ must consider the opinion's persuasiveness in light of the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict a medical opinion. 20 C.F.R. §§ 404.1520c(b), (c), 416.920c(b), (c). An ALJ is required to specifically explain only how he considered the supportability and consistency factors because those are the most important factors in assessing the persuasiveness of an opinion. 20 C.F.R. §§ 404.1520c(a), (b)(2), 416.920c(a), (b)(2). As to supportability, the regulations state "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinion . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). And as to consistency, "[t]he more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The ALJ's conclusions regarding supportability and consistency must be supported by substantial evidence.

*Analysis*

To begin, Plaintiff's objection seems to take one sentence in the Report out of context. Plaintiff focuses on the magistrate judge's statement that Plaintiff "argue[d] that the ALJ erred by failing to adopt all of the opined limitations of Drs. Laskis and Steadham." *See* ECF No. 23 at

1 (quoting ECF No. 22 at 9). Plaintiff argues that this statement mischaracterized her argument because she does not challenge the ALJ's decision not to adopt the consultants' opinions concerning attendance and interaction with the general public. Rather, she argues that the ALJ failed to properly *explain* why he did not adopt those limitations. *Id.* at 1–2. But the very next sentence in the Report accurately states Plaintiff's position: "Specifically the plaintiff argues that the ALJ did not explain why he declined to adopt the opinions regarding interaction with the public, the simple unskilled work limitation, and the limitation regarding absences from work." [ECF No. 22 at 9.] Read as a whole, therefore, the Report correctly characterized Plaintiff's arguments. To the extent Plaintiff asserts otherwise, the court disagrees.

Nor does the court agree that the ALJ failed to adequately explain his treatment of the opinions of Drs. Laskis and Steadham. The regulations require an ALJ to address supportability and consistency, and the ALJ did so. *See* ECF No. 22 at 7–11 (detailing the ALJ's findings and record citations for those findings). The ALJ identified the limitations he adopted in the RFC, stated which portions of the opinions he found unpersuasive, and considered Plaintiff's treatment records and the progression of her symptoms and functioning. *See* Tr. 29–31. For example, the decision reflects why the record did not support additional limitations on Plaintiff's social interactions. The evidence included Plaintiff's reports that she cared for her children, attended their school graduations, walked outside with them daily, and went shopping with her mother. *See* ECF No. 22 at 9. The ALJ further cited medical records documenting Plaintiff's ability to get her children ready for school, perform personal care activities and household chores, interact with family members, shop, and manage her finances. *See* Tr. 30–31. The ALJ likewise found speculative the opinion that Plaintiff might miss an occasional day of work due to her mental illness. Tr. 30. That conclusion was supported by medical records documenting appropriate appearance and presentation, cooperative behavior, regular rate and rhythm of speech, linear,

goal-directed, logical thought process, intact thought associations, no preoccupations, no delusions, no suicidal or homicidal ideations, full alertness and orientation, intact recent and remote memory, and intact attention and concentration. *Id.* As the Report thoroughly details, the ALJ also considered Plaintiff's subjective complaints and her reports to her medical providers, including her reports of auditory hallucinations and the treatment she received for those symptoms. [ECF No. 22 at 7–11.]

The ALJ therefore properly evaluated the state-agency consultants' opinions and adequately supported his conclusions. *See Biestek*, 587 U.S. at 103 ("[T]he threshold for . . . evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla.'" (quoting *Consolidated Edison*, 305 U.S. at 229)). And as noted in the Report, Plaintiff has failed to identify evidence either omitted from or ignored by the ALJ's decision. [ECF No. 22 at 9.] This court's review focuses on whether there is substantial evidence to support the ALJ's decision because the court has no authority to reweigh the evidence. *Hancock v. Astrue*, 667 F.3d 470, 476 (4th Cir. 2012) ("We are not at liberty to 'reweigh conflicting evidence . . . or substitute our judgment for that of the [ALJ].'" (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (2005))). Here, the ALJ adequately explains his findings as to the opinions of Drs. Laskis and Steadham, and thus he "'build[s] an accurate and logical bridge from the evidence to his conclusion.'" *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

For the above reasons, the court overrules Plaintiff's objections and adopts the Report's reasoning and conclusions.

## CONCLUSION

The court has conducted a de novo review of those portions of the Report to which Plaintiff specifically objected, and the court has otherwise reviewed the Report for clear error.

After this review of the Report, the applicable law, and the record in this case, the court **ADOPTS** the Report, ECF No. 22, and **AFFIRMS** the Commissioner's decision.

**IT IS SO ORDERED.**

Sherri A. Lydon

August 24, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge